1

2

3    ©Thomas, Terrance Torrel
     c/o 4364 Johnson Road South
4    Valdosta, Georgia near [31601]
     OFFICE # (229) 237-2719
5

6    Thomas, Terrance Torrel                    Case No:  7: 14-CV- 181
         Authorized Presenter for
7    [ DBA] TERRANCE T THOMAS™, Estate

8                    Plaintiff, In Pro se

9        V.                                     Judge:

10                                              CAUSE OF ACTION:

11   MARTIN'S FAMOUS PASTRY SHOPPE                 1.CLAIM FOR VIOLATION OF
     Jim Martin, Owner                               THE CIVIL RIGHTS ACT.
     Scott Munger, Director of Operations
12   Jerry J. Van Bastelaar, General Counsel
                                                   2. CLAIM FOR BREACH OF EXPRESSED
13                                                    AND IMPLIED COVENANT OF
                                                      GOOD FAITH DEALING.
14
                     Defendant(s)                  3. CLAIM FOR INJUCTIVE, AND
15                                                    DECLARTORY RELIEF.
16
                                                   4. CLAIM FOR COPYRIGHT
17                                                    TRADEMARK INFRINGEMENT
18

19                                              DEMAND FOR JURY TRIAL
20
     _____
21
                     IN THE UNITED STATES DISTRICT COURT
22                        MIDDLE DISTRICT OF GEORGIA
                               VALDOSTA DIVISON
23
                                CAUSE OF ACTION
24
         Plaintiff, Thomas, Terrance Torrel brings this action against the above-named, Defendants
25
     for violations of the Civil Rights Act (hereinafter 'CRA'), for breach of the Covenant of Good
26
     Faith and Fair Dealing, Claim of Copyright infringement breach of Self-Executing Security
27
     Agreement for recoupment, and seeks actual damages, statutory damages, punitive damages,
28
     litigation costs, and injunctive relief.

         1. When a plaintiff is proceeding pro se, his pleadings shall be held to a less stringent

     standard than pleadings drafted by attorneys and *shall* be liberally construed, Tannenbaum v.

     United States, 148 F.3d 1262, 1263 (11th Cir. 1998)

**JURISDICTION & VENUE**

2.    Jurisdiction is proper with this court according 28 U.S.C. § 1331 and 1343 (a)(3) where

such claims arises under Public L. 104-208, 110 Stat. 3009 (1996)

3.    Jurisdiction is proper with this court according to 42 U.S.C. § 1983.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (2), in that Defendants

transact business in this district and a substantial portion of the events or omissions giving rise

to these claims occurred in the district.

5.    Venue is proper because the amount in controversy is over $50,000 giving court subject

matter jurisdiction over claims according to 28 U.S.C. § 1337(a)


**PARTIES**

6. *Plaintiff, Terrance T Thomas, is a natural person, and* Authorized Presenter for
*TERRANCE T THOMAS™, Estate*
*domiciling in Lowndes County, Valdosta, Georgia during all times relevant.*

7.   *Defendant MARTIN'S FAMOUS PASTRY SHOPPE is located in Valdosta and based out*

*of Chambersburg Pennsylvania, a business entity engaged in food production services.*

8.    *Defendant, MARTIN'S FAMOUS PASTRY SHOPPE is a private owned corporation*

9.    *the Defendants, are (Jim Martin, Owner),(Scott Munger, Director of Operations), and*

*(Jerry J. van Bastelaar, General Counsel.)*

10.  *Does 1 thru 10, MARTIN'S FAMOUS PASTRY SHOPPE collectively herein referred*

*to as the*

11.    *Defendants are corporations according to 11 U.S.C 101(9) whereas defendants are*

*governed by the supreme law of the land, Constitution of the United States of America.*


**FACTS STIPULATED (RULE 32)**
**AFFIDAVIT OF TERRANCE T THOMAS**

12.   I, Thomas, Terrance Torrel of the *Thomas* Family hereinafter Affiant am the certificate

holder of the registered United States property identified as TERRANCE TORREL THOMAS,

which has complete indemnity against all claims as handled by its designated administrator and

usufructuary in accord with 12 USC 95a (2), 50 USC App7 (c) & (e), Lieber Codes 31 & 38 and

1907 Hague Article 55.  Under penalty of perjury make this Affidavit based on my own personal

knowledge of the records and events-stated herein all rights reserved without prejudice, without

recourse UCC 1-308. I, the Affiant am the Priority-Security Interest Holder in this court case and

any and all funds, assets, or property that is collected in this case *shall* go to the

Affiant / Naked Owner. (**Exhibit J**)

13. The Affiant brings this action resulting from damages incurred due to

wrongful termination performed by MARTIN'S FAMOUS PASTRY SHOPPE of Valdosta

Georgia and it's Defendant(s) Jim Martin, Scott Munger, and Jerry J. van Bastelaar.

On July 10, 2013 the Affiant was wrongfully discharged from his position as a

"Line Control Supervisor" for MARTIN'S FAMOUS PASTRY SHOPPE of Valdosta GA,

without just cause; the Affiant applied and was denied unemployment benefits. An appeal was

filed by the Affiant, two separate hearings took place. The Affiant was rewarded unemployment

benefits by the (Georgia Labor Department Tribunal, **Exhibit A**). The Presumption is with the

Affiant and the burden of proof is with the Employer per O.C. G.A. 34-8-194 (1) (2) (A) and

O.C. G.A. 34-8-195 (A) (3).

13.   On July 10, 2013, MARTIN'S FAMOUS PASTRY SHOPPE management proceeded

with a meeting between the Affiant and the (Assistant Plant Manager, Steven Raney),

(Julie Griffie, Human Resource Director), and (Kevin Allen, Maintenance Manager). During this

meeting the Affiant stated I did not understand the reason for the meeting.  I, the Affiant was told

by Assistant Plant Manager, Steven Raney, Julie Griffie, Human Resource Director that the

Affiant was being terminated for not following a hazard analysis and critical control point or

HACCP (a systematic preventive approach to food safety from biological, chemical, and physical

hazards in production processes that can cause the finished product to be unsafe, and designs

measurements to reduce these risks to a safe level) which is a Federal guide line. I, Affiant made it

very clear that there allegations had no creditable admissible evidence that proved I violated any

HACCP protocol.  I, the Affiant explained to Julie Griffie, Human Resource Director that this is

no more than a systematic, institutional, bias of coercion to wrongfully terminate the Affiant based

on an going prior eight month discriminatory paradox of collusion based policy manipulation and

power tactics that was personally implemented by Stephen Raney the Assistant Plant Manager and

adopted by upper management seemingly rooted in covert application of

"Suspected White Supremacy" to unlawfully remove the Affiant from his position and career.

(Starting from November 30th 2012 to July 10, 2013)

3

1

2    I, the Affiant have been punitively damaged, career sabotaged, and his family left to suffer. The

3    Affiant and his family of *six* have suffered deprivation of rights under 42 U.S.C. 1983.

4    MARTIN'S FAMOUS PASTRY SHOPPE and its Defendant(s). The Affiant was served a written

5    termination contract on 7/10/13. The Affiant Conditional Accepted for value with consideration

6    the termination contract (**Exhibit B1**) for ten days based on "proof of claim" for failure to state a

7    claim for which relief can be granted. Affidavits were served on the Defendant(s),

8    (**Exhibit I**), (**Exhibit B2** "Proof of Claim") and an affidavit of ("Negative Averment" **Exhibit C1**)

9    dated 07/05/2014, USPS Mail no. 70133020000168661691.

10    (Verifiable at www.uspstracking.com) (**See Exhibit G**)

11    MARTIN'S FAMOUS PASTRY SHOPPE and its Defendant(s) were served via certified mail.

12    The Affiants affidavits of good faith dealings were not rebutted or responded to within the ten day

13    allotment as specified.  After the first ten days the Affiant served the Defendant(s) with affidavits

14    of opportunity to cure their faults. The Defendant(s) have now been defaulted due to non-response

15    / non-performance, by tacit agreement. The Defendant(s) were mailed notary certificates of default

16    notices and shall be under consequential default expressed and implied contract obligation to the

17    Affiants certified claims. On July 19, 2014 approximately one year one week later the Affiant

18    received at a notice from MARTIN'S FAMOUS PASTRY SHOPPE stating that their Wells Fargo

19    profit sharing distribution "did not give the Affiant his correct vesting percentage". The Affiant

20    rejected MARTIN'S FAMOUS PASTRY SHOPPE presentment with refusal without cause UCC

21    3-501 for any presumed liability of any direct or indirect contract with a full acceptance of benefit.

22    (**Exhibit D1, D2, D3, D4**)

23    14.    On the basis of the aforementioned facts, I, the Affiant requested for Defendant(s) of

24    MARTIN'S FAMOUS PASTRY SHOPPE, to respond, rebut, or challenge the above facts and

25    they have not responded, rebutted, or challenged, in the allotted time and have thereby agreed to

26    the facts.  The most important of which confirms that MARTIN'S FAMOUS PASTRY SHOPPE

27    did violate all statues and laws stated herein.

28    15. According to the maxim of laws governing contracts "Indeed, no more than affidavits is

29    necessary to make the prima facie case." [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981);

30    Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]

31    16.    Further Affiant sayeth not.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

17.    The Affiant is suffering from emotional distress caused by loss of income, career sabotage, and humiliation.

18.    The Affiant suffered under duress, distress, anxiety, and helplessness because The Affiant was ignored and wrongly fired, humiliated, punitively damaged, and his family financially wrecked and left to suffer. The Affiant and his family of *six* have suffered since November 30, 2012 to the Present day do the reckless, unprofessional, unethical, collective discriminative behavior of "Suspected White Supremacy". **(See Exhibit M)**

19.    The Affiant suffered damage to his reputation caused by the Defendants actions.

20.    The Affiant has been forced to live off and fully exhaust his 401k benefits.

21.    Affiants life as well as the life of his family has been disrupted.

22.    Defendants actions have caused substantial injury to the Affiant, which was not reasonably avoidable by the Affiant.

23.    Affiant has exhausted all remedies.

24. The Affiant reported MARTIN'S FAMOUS PASTRY SHOPPEto the EEOC in Savannah Georgia in May of 2013.

25.The Affiant was wrongfully discharged from

MARTIN'S FAMOUS PASTRY SHOPPE on July 10, 2013.

26. On July 11, 2013 the Affiant applied and was denied unemployment benefits approximately one week after his application was submitted to the Georgia Labor Department by MARTIN'S FAMOUS PASTRY SHOPPE.

27. On August 8th 2013 the Affiant filed an appeal for unemployment benefits.

28. On August 30, 2013 and September 17th, 2013 the hearings took place by phone for the appeal of the Affiants unemployment benefits.

29. On September 18th, 2013 the decision regarding the Affiants appeal was mailed to the Plaintiff's address. **(Exhibit A)** Prime facie evidence, a letter of *record* from the Atlanta Georgia Department of Labor Appeals Tribunal Docket No. 34776-13, hearing and their final decision, *supporting* that Plaintiff was wrongfully terminated and that the Plaintiff was eligible to receive benefits. O.C. G.A. 34-8-194 (1) (2) (A) and O.C. G.A. 34-8-195 (A) (3) The Presumption is with the Employee and the burden of proof is on the Employer.

**COUNT I**
**CONSTITUTIOINAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, 1985**
**Conspiracy against Rights**
**(Against all Defendants)**

1.   When the Defendant(s) MARTIN'S FAMOUS PASTRY SHOPPE wrongfully terminated the Affiants contract without lawful just cause, the Defendant(s) violated 42 U.S.C. § 1983 which prohibits deprivation of rights.

2.   By failing to rebut, respond, and challenge the above facts in the time allotted, the Defendants tacitly agreed and have defaulted and forfeited there right to recourse or to raise a controversy based on tacit agreement. (**Exhibit E3**) The Affiant holds records and claims of the Defendants defaults. The Defendant(s) have defaulted and acquired debt obligations by tacit agreements to the Affiant for the full amount specified in the Affiants Affidavits. The Affiant is in possession of claims and notices of Defaults that have been publicly filed under the Uniform Commercial Registry file no. 92-2014-1982 at Beth C. Green, Clerk of Superior Court of Lowndes county Georgia, certified and filed by the Deputy Clerk. (**See Exhibit F**)

He who does not deny, Admits (Maxim of Law); Article 1, Section 10, Clause 1of the U.S. Constitution: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or *Law impairing the Obligation of Contracts*, or grant any Title of Nobility."

3.   Defendant(s) acted intentionally and with callous disregard for Affiant and his clearly established constitutional rights.

4.The Defendants have also violated the Affiants Common Law Copyright Self-Executing Security Agreement contract. (**See Exhibit H and Exhibit I**) The Defendant(s) were given proper notice and twenty-one days within the Affiants Sworn Affidavits. The Affiant made it clear and specific that his Common Law Copyright Security Agreement will temporarily be suspended with *consideration* in the form of *forbearance* for a reasonable (21) twenty-one days to give the Respondent(s) time to rebut any and all contracts or make settlement arrangements with the Affiant. In the Affiants Affidavits it is clearly stated that the Defendant(s) know where they could find the Affiants public declarations

UCC 1 file no. 92-2014-0278 or www.copyrightdeposit.com/cd8/0031550.htm. (**See Exhibit I & Exhibit P**) After the twenty-one days it would and shall constitute a violation an deprivation of the Affiants rights by way of copyright infringement for unlawful use of the Affiants Trade name

6

("TERRANCE T THOMAS™" or any derivative thereof).The Defendants have made claim against the Affiants copyright and, how do they propose to handle the cost of such a claim? (One Million Dollars in United States lawful issue.) The presumption is that the Defendant(s) are using the Plaintiff's Trade name and social security number to this present day without regard or consent in an attempt for their gross enrichment and to further deprive the Affiant of his rights by extracting something from the Estate publicly or privately via the Defendant(s) investment trust held by Wells Fargo.

5. The Defendant(s) mailed one relative but insufficient correspondence to the Affiants place of business. The letter received was dated August 15, 2014. The Defendant(s) correspondence was attempted in bad faith, to respond directly to any facts in good faith and ignoring what has been stipulated within the terms and conditions of each Affidavit. No affidavits or declarations were received by the Affiant. The Defendant(s) had already received notary "defaulted right of claim notices " in regard to their non-response / non-performance received via USPS Certified by the Defendant(s) on August 05, 2014. **(See Exhibit B1 and its appendix, and C1 and its appendix)** The letter that the Defendant(s) sent dated August 15, 2014 was Conditionally Accepted based on Proof of Claim. The Defendant(s) have Defaulted once again by tacit agreement.

**(See Exhibit E1 and its appendix)** The Affiant only received unsworn letters and the Defendant(s) did not sign under penalty of perjury with unlimited liability. These letters where insufficient responses, and permits lying by omission which no honorable draft may contain. **(Exhibit E1)** All the Affiants affidavits strictly and clearly read no liability errors or omissions excepted.

### COUNT II

### CONSTITUTIOINAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1981
### Intentional Discrimination in Employment
### (Against all Defendants)

6. On the day Martin's wrongfully terminated the Affiant July 10, 2013, during the meeting between the Affiant, Stephen Raney Assistant Plant Manager, Kevin Allen Maintenance Manager, and Julie Griffie Human Resource Director. Julie attended the meeting via video conference. During this meeting the Affiant tried to tell them that there was no credible evidence that proved they were terminating the Affiant in good faith. The Affiant stated and notified all chains of commands about what was taking place for a grieving eight months, prior to the Affiants wrongful discharge including the Vice President of Martin's, Scott Heintzelman on May 29, 2013.

7

## VERIFICATION

I, Thomas Terrance Torrel, declare as follows:

I am the Plaintiff in the present case, a natural man, peaceful inhabitant, and an authorized

presenter for TERRANCE T THOMAS, Estate of the United States of America. I have personal

knowledge regarding the above allegations and I believe them to be true. My claim is the fact, the

truth, and I am the Priority-Security Interest Holder in this court case. No assured value, No

liability errors & omissions accepted, without prejudice, without recourse, and non-assumpsit. All

Rights Reserved.

Dated: *October ___29___, 2014*

By, _____

      TERRANCE T THOMAS, TTEE, Pro se

Using a Notary on this document does not create an adhesion contract with the state, nor does it alter the status of
Thomas, Terrance Torrel in any manner. Nor is the use of a Notary to be construed as entrance into any foreign jurisdiction, but is used for
VERIFICATION purposes ONLY

Georgia   State}                  Jurat

            } ss

Lowndes County}

Subscribed and sworn to (or affirmed) before me on this ___29___ day of *October 2014*, by,
Thomas, Terrance Torrel, proved to me on the basis of satisfactory evidence to be the man who
appeared before me.

_____
Notary Public

***Notary Witness***
Claudia McCoppin
607B North Ashley Street
Valdosta, GA 31601

Claudia Jaqueline McCoppin
Notary Public
My Commission Expires
July 1, 2017

9

1

2   **(See Exhibit N)** The Affiant also told management what was happening was discrimination under

3   false pretense; group collated conspiracy, and coercion of "Suspected White Supremacy".

4   The Affiant was ignored and ostracized.

5   7.   As a direct and adjoining result the Defendant(s) violated Thomas, Terrance Torrel statutory

6   and constitutional rights as described herein, Thomas, Terrance Torrel has suffered damage to his

7   reputation, humiliation, embarrassment, mental and emotional, distress and as well as other

8   compensatory damages, in the amounts specified in each Affidavit / contract that has been breach

9   by  MARTIN'S FAMOUS PASTRY SHOPPE and its Defendant(s).

10  8. As a direct and proximate result the Defendant(s) violated Thomas, Terrance Torrel

11  constitutional rights, Thomas, Terrance Torrel has suffered severe and substantial damages.  These

12  damages include lost of salary, lost of  employee benefits, lost of raises, diminished earnings

13  capacity, lost of career and business opportunities, litigation expenses including attorney fees, loss

14  of reputation, humiliation, embarrassment, inconvenience, mental, and emotional distress. As well

15  as other compensatory damages, in an the amount specified and tacitly agreed upon by the

Defendant(s) **(See Exhibit B1 and its appendix, Exhibit C1 and its appendix, Exhibit E1 and**

**its appendix and Exhibit H.) & (Exhibit G)**

**Whereof the Affiant Demands:**

9. Money damages in the total amount of 2.5 Million U.S. Lawful Dollars for Breach of expressed

and implied covenants, Copyright infringement and all the above named statues and laws herein.

**PRAYER**

WHEREFORE plaintiff prays with power of Yah and his son Yahshuah for justice, against

Defendant(s), and each of them, as follows:

1.  For actual damages;

2.  For statutory damages;

3.  For punitive damages;

4.  For costs of this suit;

5. For such other and further relief as the court deems just and proper;

8

### List of Plaintiff's Exhibits

1. Georgia Labor Department Tribunal, **Exhibit A**
2. Conditional Accepted "Termination" contract, **Exhibit B1**
3. "Proof of Claim Affidavit", **Exhibit B2**
4. Affidavit of Fault with Opportunity to cure, **Exhibit B3**
5. Notary Default of "proof of claim", **Exhibit B4**
6. Bill & Statement No.01005, **Exhibit B5**
7. "Negative Averment Affidavit", **Exhibit C1**
8. Affidavit of Fault with Opportunity to cure, **Exhibit C2**
9. Notary Default right of claim, for original "negative averment", **Exhibit C3**
10. Bill & Statement No.01004, **Exhibit C4**
11. Defendant(s) Presentment, Refused without cause, **Exhibit D1**
12. Affidavit of refusal without cause, **Exhibit D2**
13. Check Cashed by Wells Fargo, stamped 12 USC 411, **Exhibit D3, D4**
14. Conditional Accepted Defendant(s) unsworn / informal letter, **Exhibit E1**
15. Conditional Acceptance Material of fact / Affidavit of Proof of claim, **Exhibit E2**
16. Affidavit of Fault with Opportunity to cure, **Exhibit E3**
17. Notary Default right of claim, **Exhibit E4**
18. Publicly filed claims, Uniform Commercial Registry file no. 92-2014-1982 , **Exhibit F**
19. USPS Certified / Registered Mailing Receipts, **Exhibit G**
20. Non-Negotiable Common Law Copyright Security Agreement, **Exhibit H**
21. COLB No. 096-1051714 naked owner Thomas, Terrance Torrel, **Exhibit J**
22. DBA Affidavit from Valdosta Daily Times publicly filed, **Exhibit K**
23. Affidavit of Truth, **Exhibit L**
24. Email between Plaintiff and VP of Martin's, **Exhibit N**
25. Sworn Affidavit of 8 month Statements, claim, and facts, **Exhibit M**
26. Notary Certificates of Services, **Exhibit O**
27. Publicly filed Copyright UCC 3 Notice / Security Agreement File no. 92-2014-0278 **Exhibit P**
28. Sworn cover notice with list of attachments received by the Defendant(s) **Exhibit I**

No assured value, No liability Errors & Omissions Accepted Without Prejudice, Without Recourse, and Non-Assumpsit. All Rights Reserved.

By, _____ dc/28
Thomas, Terrance Torrel