# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TERRANCE T. THOMAS,**

    Plaintiff,

v.

**MARTIN'S FAMOUS PASTRY SHOPPE, JIM MARTIN, SCOTT MUNGER,**

    Defendants.

Civil Action No. 7:14-CV-181 (HL)

## ORDER

Before the Court is the Third Amended Complaint (Doc. 14) by Plaintiff Terrance Thomas ("Plaintiff"). Because he has been permitted to proceed in this matter *in forma pauperis*, (see Order, February 4, 2015, Doc. 11), the Court must review his complaint to determine whether it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Having done so, the Court concludes that Plaintiff's Third Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that he was hired as a load coordinator by Martin's Famous Pastry Shoppe on September 15, 2008. In December 2008, he was promoted to a line control supervisor's position, becoming the first African American supervisor in the company's history. In May 2013, Assistant Manager

Stephen Raney ("Raney") relieved Plaintiff of his job duties. The following month Plaintiff told Scott Munger ("Munger"), who is the director of operations at Martin's Famous Pastry Shoppe, about what had occurred and requested an independent investigation. Munger declined to become involved in the matter. Plaintiff was no more successful in submitting his investigation request to a company vice president. In July 2013, Raney and two other individuals, including a human resources representative, met with Plaintiff and informed him that his employment was being terminated "for not emptying the HACCP box at the end of his shift." Plaintiff asked for proof that he had responsibility for the item left in the box, but no evidence was provided. Alleging that this termination violated his due process rights, constituted unlawful employment discrimination, and breached an implied covenant of good faith and fair dealing, Plaintiff seeks damages under 42 U.S.C. §§ 1981, 1983, 1985, and 1988. The complaint also asks for declaratory and injunctive relief, without stating what specific relief is needed. (Third Amended Complaint, ¶¶13-19, 31-32, 39).

Nothing in Plaintiff's complaint indicates that Defendants violated or conspired to violate his constitutional rights. Thus, the claims under 42 U.S.C. §§ 1983 and 1985 are dismissed. See Molette v. Georgia, 469 F. App'x 766, 768 (11th Cir. 2012) (describing a § 1983 claim); Kush v. Rutledge, 460 U.S. 719, 724-26, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983) (analyzing § 1985).

Nor does the Third Amended Complaint adequately allege a claim for breach of an implied covenant of good faith and fair dealing upon which relief could be granted. Under Georgia law, "Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." Myung Sung Presbyterian Church, Inc. v. N. Am. Ass'n of Slavic Churches & Ministries, Inc., 291 Ga. App. 808, 810 (2008). Thus, the "implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." Id. Plaintiff has not brought a breach of contract claim.[1] Consequently, his claim for breach of an implied covenant of good faith and fair dealing must be dismissed.

Plaintiff's § 1981 claim that he has suffered unlawful employment discrimination is also dismissed. Establishing a discrimination claim under § 1981 requires an employee to allege that he belongs to "a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1215 (11th Cir. 2008) (internal citation and quotation omitted). Plaintiff has not alleged there was any similarly-situated, non-black employee at Martin's

---

[1] In fact, the only allegations even mentioning a contract merely state that Plaintiff was told his "contract was being terminated for not emptying the HACCP box at the end of his shift" and that his "contract [was] terminated without due process." (Third Amended Complaint, ¶¶17, 37, 41).

3

Famous Pastry Shoppe who was not fired. He has also failed to allege facts that would otherwise create "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011) (internal citation and quotation omitted). The factual allegations in the complaint are not sufficient to state a plausible claim that Plaintiff is the victim of unlawful employment discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

All that remain are Plaintiff's claim for attorney fees under § 1988 and his requests for injunctive and declaratory relief. Plaintiff will obviously never be entitled to attorney fees in this matter because all of the substantive claims for which he might receive them have been dismissed. See 42 U.S.C. § 1988(b) (listing the types of civil actions for which a prevailing party might receive attorney fees under that statute). Given that he does not specify what injunctive and declaratory relief he is entitled to, these requests are clearly insufficient to prevent his complaint from being dismissed.

The Court is persuaded that allowing Plaintiff further opportunities to amend his complaint would be futile and a waste of judicial resources. Clearly Plaintiff's best chance for alleging a viable claim would be with his employment discrimination claim. However, even though the Court previously allowed Plaintiff

to amend his complaint and provided detailed descriptions for what might constitute a plausible employment discrimination claim, Plaintiff has still not been able to adequately allege such a claim.[2] All of Plaintiff's outstanding motions are moot, and this case is dismissed.

      **SO ORDERED**, this the 10th day of March, 2015.

                                              *s/ Hugh Lawson*
                                              HUGH LAWSON, SENIOR JUDGE

scr

---

[2] Rather significantly, although Plaintiff included references to "Suspected White Supremacy" in earlier iterations of his complaint, (see Complaint, Doc. 1, ¶13; Amended Complaint, Doc. 5, ¶13), the Third Amended Complaint omits this term. It would seem that Plaintiff knows of no facts making it plausible that Martin's Famous Pastry Shoppe discriminated against him because of his race or on any other unlawful basis.